WAYNE PIERSON, Plaintiff and Counterdefendant-Appellant, *v.* MARY PIERSON, Defendant and Counterplaintiff-Appellee.

(Nos. 74-122, 74-160 cons.;

Second District (2nd Division)—August 19, 1975.

Collins, Stepanich & Collins, of Waukegan (Thomas P. Stepanich, of counsel), for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan (Robert M. Bollman, of counsel), for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The only issues presented in these consolidated cases is whether the trial court's awards to the wife, in a divorce case, of alimony in gross and child support, and for attorney's fees and costs on this appeal, constitute error.

Plaintiff (husband) sued for divorce and defendant (wife) filed her

counterclaim charging mental cruelty. Answers were filed and by agreement of the parties the wife proceeded upon her counterclaim. After hearing, the trial court entered a decree in November, 1973, which, in addition to granting the divorce to the wife and granting her custody of their four minor children,[1] awarded to her (1) "in lieu of alimony," the husband's joint interest in the marital home (subject to her assuming the mortgage indebtedness of $28,100 and indemnifying the husband against liability thereon), and all household furniture and furnishings, and (2) as child support $40 per week per child ($160). The husband appealed from the awards of alimony in gross and of child support. Thereupon, the wife filed her petition for temporary alimony, child support and attorney's fees pending appeal. The court ordered temporary child support of $40 per week per child and further ordered that the plaintiff (counterdefendant) pay $1,000 to the wife's attorney for the trial of the case and $100 for costs of defending the appeal. The husband again appealed and both appeals were consolidated.

The parties were married for 17 years and had four children ranging in age from 5 to 15 years. The wife was 35 years of age.

Insofar as relevant to the issues of alimony and child support the husband testified, both as an adverse witness and on direct, that for several years he was and still is an equal partner with Donald Bushing in Pierson Heating and Cooling Co. This firm is engaged in the residential and commercial heating and air conditioning business. It has eight or nine trucks and eight or nine employees. The husband's only testimony concerning his income was that during the last 2 years he and his partner each took a "draw of $250 a week out of the business," and that at other times, for "vacation or something," each would draw "a couple hundred or something"; in addition, the firm pays for gas and oil and other car expenses on his wife's car and on the firm-owned vehicle he drives for his personal use; the firm also pays $250 per month for his life and medical and hospital insurance premiums; he stated that he had no other income.

The husband further testified that the marital home, which is a three bedroom ranch-type residence on two acres of ground, has a fair cash market value of $70,000,[2] and is subject to a mortgage in the sum of

---

[1] No issue is raised here regarding the granting of the divorce or custody, nor as to other provisions in the decree which required the husband to pay the children's extraordinary medical and dental expenses, to provide for their medical and hospital insurance and to keep in force $15,000 in life insurance for their benefit.

[2] He testified that they recently sold five adjacent acres for $13,000. Out of the proceeds he discharged a $4,000 personal loan and the balance, except for $500 or $600 was "paid off on our outstanding bills."

$28,100; the required monthly mortgage payments, including interest and reserve for taxes and insurance, are $346. Title to the marital home is in the husband and wife as joint tenants. The husband owns no other real estate.

The husband further testified that he normally gave his wife $100 per week for groceries and household expenses. During the 4 months prior to this proceeding he deposited $2800 in her checking account and gave her additional cash from time to time in unstated amounts. He has personal unsecured debts aggregating $6500 owing to two banks and some other minor debts; in addition, he owes $1575 to Thorpe Finance Co. on a pipe organ he had recently bought for his wife which amount is payable in 35 installments of $45 each.

On cross-examination the wife's attorney sought to inquire, for the purpose of determining whether the husband "received income or obtain [ed] money that * * * does not go through the business," whether the husband filed Federal income tax returns for the last few years. The husband invoked the fifth amendment to the United States Constitution and declined to answer such inquiry on the ground that to do so might tend to incriminate him.

The wife testified that she and her husband discussed his income and that "he told me he had to earn at least $1000 a week to live the way we do"; that the gas bill is $34 per month all year; food about $100 per week; telephone about $35 per month; electricity about $100 every 2 months; piano and organ lessons for her and two of the children about $20 per week; clothing for herself and the children about $200 per month; and miscellaneous expenses of $100 to $200 per month. (She admitted on cross-examination that "in the past week" her husband told her that they were living beyond their means.) She is not employed.

The husband contends that the trial court erred in awarding to the wife the husband's joint interest in the marital home "in lieu of alimony," that the child support award is excessive and that the court abused its discretion in granting attorney's fees and appeal costs.

It is obvious that the trial court's award to the wife of the husband's interest in the marital home was intended to be an alimony in gross award under section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19). That section in pertinent part provides as follows:

"The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

Our search of the record does not reveal any basis for stripping the

husband of his interest in the marital home and leaving him only with his 50-percent interest in Pierson Heating and Cooling Co. Indeed, the record does not disclose the value, if any, of the partnership interest. The wife speculates that the trial court may have been motivated in making such award by the husband's possible income tax problems which might encumber title to the real estate and inhibit his earning power and ability to make monthly payments. The court gave no such indication as to its motive.

■■■ While the award of alimony, whether periodic or in gross, is a matter which resides in the discretion of the court which heard and considered the evidence, we are unable to find sufficient evidence in this record to support the award here made. In *Byerly v. Byerly*, 363 Ill. 517, 525, the court pointed out some of the matters which should be considered by the trial court in determining alimony. These included the ages of the parties, their conditions of health, the property and income of the husband, separate property and income if any of the wife, their station in life and whether or not dependent children are involved. The court added:

"It was never intended that the allowance of alimony shall be used as a means of visiting punitive damages * * *, but * * * such allowance is to be made as may furnish the wife support or contribute to her partial support." 363 Ill. 517, 526.

The following statement from 24 Am. Jur. 2d *Divorce and Separation* § 635, at 756 (1966), may be appropriate to the case at bar:

"In many cases, * * * the parties have lived in such a way as to consume all their income, and have even lived beyond their means before separation, so that it is obvious that each cannot maintain the same high standard of living in two separate households after the separation. Therefore it cannot be necessarily true that the wife should be furnished with funds to maintain the scale of living to which she was accustomed before the separation, and the court will determine the amount of alimony by considering what would be appropriate in the light of the incomes and resources of the parties."

We hold, therefore, that this cause should be reversed and remanded for the taking of additional evidence to enable the court to determine the question of alimony, consistent with legal principles.

■■ Moreover, we are unable to find support for the award of child-support payments of $40 per week per child. There being four minor children the award would aggregate $160 per week. The husband testified that his only income is his weekly draw of $250 per week plus several other benefits to which he testified. The wife's statement

that her husband told her that "he had to earn $1,000 a week to live the way [they] do" is certainly not equivalent to an admission that he earned that sum. On the contrary, the record amply indicates that, as the wife testified her husband told her, they were living beyond their means. We trust that upon remand evidence will be presented that would indicate the husband's ability to meet the child-support payments thereupon ordered. Perhaps upon remand evidence can be presented which will support the award of child support then to be made. In *Everett v. Everett*, 25 Ill.2d 342, 344, the court said:

"In general, the amount of alimony and child support to be allowed * * * must be determined by accommodating insofar as possible the needs of the parties and children with the available means of the parties, due regard being given to their stations in life." 25 Ill.2d 342, 344.

The question of the allowance of attorney's fees will likewise have to await the trial court's determination upon remand of the question of alimony and child support. If, after further hearing, the trial court finds that the wife is without assets and is unable to pay her attorney either out of her own funds or out of any award of alimony, whether periodic or in gross, reasonable allowance of attorney's fees and costs on appeal may then be proper.

The judgment of the trial court in both appeals is therefore reversed and the cause is remanded.

Reversed and remanded with directions.

T. MORAN and DIXON, JJ., concur.